Alan GAETH

v.

**Emil WAGNER and Mt. Airy Lodge, Inc., d/b/a Mt. Airy Lodge and Convention Center.**

Alan GAETH

v.

**Emil WAGNER and Mt. Airy Lodge, Inc., d/b/a Mt. Airy Lodge and Convention Center and DHC Mt. Airy Hospitality Corporation c/o Doral Hotels and Resorts Management Corporation.**

**Civ. A. Nos. 93–5956, 94–1887.**

United States District Court,
E.D. Pennsylvania.

Dec. 1, 1994.

Barbara E. Sarkin, Barbara E. Sarkin, Philadelphia, PA, for Alan Gaeth.

George M. Vinci, Jr., Labrum & Doak, Philadelphia, PA, for Emil Wagner.

Barbara E. Sarkin, Barbara E. Sarkin, George M. Vinci, Jr., Labrum & Doak, Philadelphia, PA, Gerald M. Levine, Calotta, Levine, Samuel and Schreiber, New York City, Michael J. Barry, Schnader, Harrison, Segal and Lewis, Philadelphia, PA, for Mt. Airy Lodge, Inc.

**MEMORANDUM**

JOYNER, District Judge.

Before this Court today is Plaintiff Alan Gaeth's Motion to Strike off Defendants' Praecipe for Trial De Novo and Defendants' Motion to Compel an Independent Medical Exam of Plaintiff.

Briefly, the relevant history of this case is as follows. Gaeth was allegedly injured on Defendants' property in June, 1992. In October, 1993, he brought this premises liability action to recover for his injury.[1] Gaeth served Interrogatories on Defendants in December, 1993. When no responses were received, Gaeth filed a motion to compel in June, 1994. Defendants responded to the Interrogatories in July, 1994, apparently two days before this Court entered an order compelling responses.[2] In May, 1994, Defen-

---

1. The second lawsuit was brought to add an indispensable party. The actions have been consolidated.

2. This Order was entered because neither party notified this Court that the Motion was moot. No other motions regarding discovery were filed.
   Moreover, for the purposes of this Motion, here as at other times where the facts are con-

dants deposed both Gaeth and Dean Spinato, an eye-witness to the accident. Also in May, Defendants produced a corporate designee, Robert Ferri, for a deposition. No other depositions were noticed by either side. On September, 29, 1994, Defendants informed Gaeth that an independent medical exam was scheduled for October 12, 1994. The arbitration took place on October 4, 1994, and a praecipe for a trial de novo was filed soon after.

■ Gaeth argues that Defendants should be precluded from receiving a trial de novo, or in the alternative from presenting a defense at a trial de novo. Gaeth bases this request on Local Rule of Civil Procedure 8(5)(C). This rule states, "in the event … that a party fails to participate in the [arbitration] in a meaningful manner, the Court may impose appropriate sanctions, including, but not limited to the striking of any demand for a trial de novo filed by that party." Gaeth argues that Defendants failed to participate in the arbitration in a meaningful manner. His arguments, summarized, are as follows:

1) Defendants failed to participate in discovery and did not file answers to Interrogatories until after a Motion to Compel had been filed in this Court.

2) Any discovery responses of Defendants are inadequate in that they are not full and complete, but are "replete with objections."

3) The only independent medical exam Defendants scheduled was set for eight days *after* the arbitration.

4) Defendants' counsel repeatedly stated during discovery and at the arbitration, "It doesn't matter what happens now, we can always file for a Trial De Novo."

5) Defendants did not participate at the arbitration in that they presented no witnesses or documentary or other tangible evidence at the arbitration.

Gaeth does not present any legal argument or citation outside of the Rules of Civil Procedure to support his Motion, but argues that Defendants' course of conduct demonstrates that they treated the arbitration as an additional discovery tool. He argues that permit-

ting a trial de novo at this point will allow Defendants to circumvent the federal policy encouraging arbitration.

Defendants, on the other hand, assert that they were active both before and during the arbitration. They contest Gaeth's factual assertions as well. Namely, they assert:

1) Defendants did participate in discovery. They acknowledge that they filed answers to interrogatories late, but assert that the answers were filed two days before this Court's Order compelling them to respond.

Moreover, they assert that they produced a corporate designee for a deposition, and that they took the deposition of Gaeth as well as Spinato.

2) Defendants assert that all their discovery responses were adequate and appropriate, and Gaeth did not object to them at the time they were filed.

3) Defendants argue that they scheduled the independent medical exam for the earliest date they could. They further explain that they were confident that they would win the arbitration, and did not want to spend money on an exam if it was unnecessary.

4) Defendants vigorously deny that their counsel ever stated, "It doesn't matter what happens now, we can always file for a Trial De Novo."

5) Defendants allege that they fully participated at the arbitration in that they cross-examined Gaeth and presented Spinato's deposition testimony pursuant to Fed. R.Civ.P. 32(a)(3) in lieu of personal testimony.

Defendants cite four cases for the proposition that their behavior does not warrant denial of a trial de novo. However, these cases are not analogous, because they do not concern dismissals of cases for failure to participate in discovery within the context of an arbitration. The only recent case in this district that we found that dealt with this issue was *David v. Klimowicz*, No. 87-6076, 1988 WL 74896, 1988 U.S.Dist.Lexis 7121 (E.D.Pa. July 12, 1988). There, Judge Huyett permitted a trial de novo even though

tested, we will accept the non-movant's version of the facts as true.

neither plaintiff nor her attorneys appeared at the arbitration. Judge Huyett found no bad faith on plaintiff's part, and allowed a trial de novo.

We find that accepting Defendants' facts as true, where Defendants conducted at least some discovery before the arbitration and did participate in the arbitration, Defendants are entitled to a trial de novo. Gaeth further argues that he will be prejudiced if Defendants use documents at trial that should have been, but were not, produced during discovery. To the extent that Defendants have improperly withheld any evidence, they will be precluded from using it at trial. Accordingly, we DENY Gaeth's motion to strike the praecipe for a trial de novo.

Next, Defendants have filed a motion to compel an independent physical exam of Gaeth. From his memorandum, it appears that Gaeth has refused to be examined on the ground that there should be no trial de novo and that the deadline for discovery has passed. In support of this argument, Gaeth repeats his allegation that Defendants have not participated in any discovery. Further, he argues that the discovery deadline was the date of the arbitration, and that any further discovery is untimely.

Defendants allege that they have responded to all discovery requests and that Gaeth never served any document requests or noticed any depositions other than Ferri's. They also repeat their argument above; that they were confident of winning the arbitration and did not want to spend unnecessary money on a possibly unnecessary physical exam.

Pursuant to the Scheduling Order entered on November 2, 1994, the discovery deadline in this case is December 2, 1994. If Gaeth had attended his scheduled exam, he would have been examined before the close of discovery. Accordingly, we GRANT Defendants' Motion to compel an independent physical exam of Gaeth and further, GRANT Defendants an additional two weeks in which to conduct an independent physical exam.